UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KATHLEEN E. HOUSHOULDER,                )<br>                                                                )<br>   Plaintiff,                                              )<br>                                                                )<br>   v.                                                         )         CAUSE NO. 1:21-cv-00114-SLC<br>                                                                )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>*sued as Martin O'Malley, Commissioner of*  )<br>*Social Security*,[1]                                   )<br>                                                                )<br>   Defendant.                                          ) | |

## OPINION AND ORDER

Plaintiff Kathleen E. Houshoulder brought this suit on March 19, 2021, to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On August 16, 2021, pursuant to an unopposed motion to remand by the Commissioner, the Court remanded the case to the Commissioner for further administrative action pursuant to 42 U.S.C. § 1383(c)(3) and sentence six of § 405(g), retaining jurisdiction over the case. (ECF 15, 16). On December 9, 2022, after the Commissioner issued a fully favorable decision to Houshoulder on remand and filed an unopposed motion for entry of judgment, the Court entered a judgment in Houshoulder's favor. (ECF 20-22).

Houshoulder's attorney, Ann Trzynka ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $17,373.40, less $2,850.90 in attorney fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, resulting in a net payment of $14,522.50 for Counsel's representation of Houshoulder in

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for Andrew Saul in this case. *See Melissa R. v. O'Malley,* No. 1:22-cv-02404-TAB-TWP, 2023 WL 8866397, at *1 n.1 (S.D. Ind. Dec. 22, 2023).

federal court. (ECF 33).² Houshoulder filed an acknowledgment of Counsel's fee request, indicating that she agrees "with the Court awarding . . . a 'net fee' that accounts for the EAJA refund." (ECF 30). The Commissioner filed a response indicating that he "has no direct financial stake in the outcome of this motion," and therefore, "neither supports nor opposes [C]ounsel's request . . . ." (ECF 36 at 1). The motion is now ripe for ruling.

For the following reasons, the motion for attorney fees will be GRANTED IN PART.

### A. Factual and Procedural Background

On March 15, 2021, Counsel entered into a fee agreement with Houshoulder for her representation of Houshoulder in federal court, in which Houshoulder agreed to pay her 25 percent of any past-due benefits awarded to her and her family. (ECF 34-1 at 2-3).³ On March 19, 2021, Houshoulder, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Houshoulder's favor on December 9, 2022. (ECF 21, 22).

On December 22, 2022, Counsel filed a request for attorney fees under the EAJA in the amount of $2,850.90 for the 12.9 hours that Counsel spent advocating Houshoulder's claim in federal court. (ECF 23, 24). The Commissioner did not oppose the motion, and thus, the Court granted it on January 4, 2023, awarding Houshoulder $2,850.90 in EAJA fees. (ECF 26, 27).

On May 31, 2023, the Commissioner sent a notice of award to Houshoulder, explaining that she was entitled to monthly disability benefits beginning May 2015 and past-due benefits in the amount of $82,090, and that the Commissioner withheld 25 percent of that amount

---

² Counsel filed her initial § 406(b) motion on October 16, 2023, but on November 10, 2023, filed an amended motion, rendering the initial motion moot. (ECF 28, 33, 35).

³ The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

($20,522.50) to pay Houshoulder's attorneys. (ECF 34-1 at 4, 8). On November 10, 2023, Counsel filed the instant motion, together with a supporting memorandum and documents, seeking the Court's approval of a § 406(b) award of $17,373.40, less $2,850.90 in EAJA fees previously awarded, resulting in a net payment of $14,522.50 for the 12.9 hours Counsel spent advocating Houshoulder's appeal in federal court. (ECF 33, 34, 34-1).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[4]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. § 404.1725(a).[5] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[6] This 25 percent cap applies only to fees for court

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[5] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>     Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

### *C. Analysis*

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $17,373.40 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A); *see Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement.").

The notice of benefits from the Commissioner indicates that Houshoulder was awarded $82,090 in past-due benefits. (ECF 34-1 at 8). As such, the fee amount that Counsel requests, $17,373.40 (that is, $14,522.50 plus $2,850.90 previously awarded EAJA fee), does not exceed 25 percent of Houshoulder's past-due benefits. *See Janet H.*, 2020 WL 6946471, at *2 (finding at the outset that the attorney's fee request fell " well beneath the amount authorized by the Plaintiff's duly signed contingent fee agreement and the amount authorized by § 406(b)").

Counsel contends that the requested fee award of $17,373.40 is reasonable for the 12.9 hours she spent representing Houshoulder in federal court. (ECF 34 at 3-4).[7] It is obvious that Counsel obtained a good result for Houshoulder, as the Commissioner ultimately found her disabled and awarded her disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). In doing so, Counsel did not request any extensions of time and thus did not contribute to any delay of the case. *See id.* (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] . . . caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of

---

[7] The Court observes that some of Counsel's hours relate to the administrative proceedings after the sentence-six remand, but that does not preclude a fee award here. (ECF 34-1 at 12-13); *see Sullivan v. Hudson*, 490 U.S. 877 (1989) (stating that in cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings upon remand, a claimant may collect EAJA fees for work done at the administrative level).

loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases."). Indeed, it is "widely recognized . . . that recovery under contingency fee agreements serves to offset an attorney's losing cases, . . . [which] is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

Having said that, Counsel's requested fee of $17,373.40 divided by the 12.9 hours she spent on the case in federal court equates to an effective rate of about $1,347 per hour, which significantly exceeds the range of those previously awarded by this Court. *See, e.g.*, *Hill v. Comm'r of Soc. Sec.*, No. 1:11-cv-00134-SLC, 2016 WL 2643360 (N.D. Ind. May 10, 2016) (awarding fee equating to $810 per hour); *Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Owsley v. Astrue*, No. 1:07-CV-00073, 2010 WL 5173148 (N.D. Ind. Dec. 14, 2010) (awarding fee equating to $810 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per

hour).[8] "The Supreme Court noted that contingent-fee arrangements might be unreasonable if . . . the benefits are large in comparison to the amount of time counsel spent on the case." *Janet H.*, 2020 WL 6946471, at *1. Yet "courts – including the Seventh Circuit – have looked beyond mere hourly rate . . . when evaluating reasonableness." *Mary F. v. Saul*, No. 19 C 169, 2021 WL 4242359, at *2 (N.D. Ill. May 24, 2021) (citation omitted). Ultimately, "if a claimant's success on appeal can be attributed to [her] attorney's endeavors before the district court, then that attorney should reap the benefit of [her] work—even if [she] managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 381. "In this way, *Gisbrecht*'s 'windfall' does not preclude attorneys from recovering what may mathematically seem like a high fee award if the attorney's success on appeal is of [her] own making." *Id.*

The Court acknowledges Counsel's significant experience in litigating Social Security cases. (ECF 24-2 ¶¶ 2-4 (summarizing Counsel's professional experience in the area of Social Security law)); *see Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases in his career and achieved a large measure of success for his client). Nevertheless, the Court is not convinced that "[Houshoulder's] favorable outcome was due to [Counsel's] effective and efficient representation, rather than due to 'some other source for which it would be unreasonable to compensate the attorney.'" *Janet H.*, 2020 WL 6946471, at *4 (quoting *Gisbrecht*, 535 U.S. at

---

[8] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus, *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen*, 2004 WL 1737443, at *5; *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

808); *see generally Jeter*, 622 F.3d at 380-81 ("[W]e do not read *Gisbrecht*'s 'windfall' as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel.").

Here, the case at hand spanned almost two years—from March 2021 to December 2022— before a judgment was entered in Houshoulder's favor. (ECF 1, 22). Yet, the record reflects that "[w]hile preparing the Certified Administrative Record, the Commissioner identified irregularities in the hearing recording process" and requested that the case be remanded, after which Counsel consented to the remand. (ECF 15 at 2). As such, Counsel was not called upon to do any extensive briefing in this case. Rather, out of the total 12.9 hours involved in the case, she spent 2 hours preparing to file the civil action, 3.8 hours preparing for and attending the administrative hearing on remand, and 2 hours preparing EAJA fee documents. (ECF 34-1 at 12-13). The remainder of her time was primarily spent in keeping abreast of the case and communicating with her client or opposing counsel. (*Id.*).

As such, it is not apparent how Counsel's experience and efficiency "were brought to bear or made any difference" in the sentence six remand of this case, as it was the Commissioner who instigated the remand. *See Terese F. v. Saul*, 387 F. Supp. 3d 874, 876 (N.D. Ill. 2019); *id.* at 875 ("[C]ounsel's efficiency never entered into these proceedings. He filed a Complaint and did nothing else. . . . The Commissioner then conducted a thoughtful review and chose to voluntarily remand. Given that reality, it is not at all a question of 'efficiency.'"). Having said that, the Court has no doubt that Counsel zealously advocated for Houshoulder during the administrative hearing on remand, contributing to the administrative law judge's decision finding Houshoulder disabled as of December 1, 2014. (*See* ECF 20 at 1).

Taking the record as a whole, the Court concludes that approving the entire requested fee would represent a windfall to Counsel in light of the modest amount of time and effort she expended in this case. Therefore, the Court will grant Counsel's motion in part but reduce the requested fee of $17,373.40 by one-third. Accordingly, the Court will authorize a § 406(b) fee award of $11,582.27, less $2,850.90 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $8,731.37. *See Terese F.*, 387 F. Supp. 3d at 876 (reducing counsel's requested fee award of $6,678.88 to $3,000 where the Commissioner agreed to remand the case prior to any briefing by counsel); *Devenish v. Astrue*, 85 F. Supp. 3d 634, 638 (E.D.N.Y. 2015) (reducing counsel's requested fee where counsel "though successful, did not prepare any memorandum of law in support of his complaint or advance any legal arguments because the ALJ's denial of the Plaintiff's benefits was vacated and remanded to the SSA by stipulation of the parties" (citation omitted)); *cf. Thomas v. Barnhart*, 412 F. Supp. 2d 1240, 1244 (M.D. Ala. 2005) ("This is not a case, for example, where an incomplete administrative record, as opposed to an examination of the merits of the case, required reversal and remand for a new hearing that ended with a finding of disability."). This adjustment still allows for a fee of more than four times Counsel's stated rate of $221 per hour (*see* ECF 34-1 at 14), which would adequately compensate Counsel for "the time [she] spent on this case and for the risks that [she] accepted in undertaking the representation of [Houshoulder] on a contingency basis." *Devenish*, 85 F. Supp. 3d at 639.

### D. Conclusion

For the foregoing reasons, the Court GRANTS IN PART Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 26) and reduces the requested fee amount of $17,373.40 to $11,582.27, less $2,850.90 in EAJA fees previously awarded, resulting

9

in a net fee award to Counsel of $8,731.37. The Commissioner shall pay the Law Office of Ann Trzynka, LLC, $8,731.37 out of Houshoulder's past-due benefits and release any remaining withheld benefits to Houshoulder. Counsel shall be allowed to retain the $2,850.90 in EAJA fees previously awarded.

    SO ORDERED.

    Entered this 17th day of January 2024.

    /s/ Susan Collins
    Susan Collins
    United States Magistrate Judge